IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

DARRELL WIMBERLY             *

    Plaintiff,                *

    v.                        *       3:10-CV-590-TMH
                                      (WO)
JONATHAN BAILEY,             *

    Defendant.                *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lee County Jail in Opelika, Alabama, files this 42 U.S.C. § 1983 action against the Honorable Jonathan Bailey of the Auburn Municipal Court. Plaintiff challenges matters associated with his criminal proceedings before the Auburn Municipal Court in May 2009. He further complains that he was subjected to police misconduct. In filing this action, Plaintiff requests an award of damages. (*Doc. No. 1 and Attachments*.)

**II.  DISCUSSION**

Under 28 U.S.C. § 1915(e), a court is authorized to allow indigent litigants to proceed *in forma pauperis* without paying administrative costs of proceeding with a civil or criminal action, or appeal therein. The statute, however, protects against abuses of this privilege by allowing a district court to dismiss a case "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Similarly, under

28 U.S.C. § 1915A, courts are required, before docketing (or as soon as practicable), to "screen" the complaint. 28 U.S.C. § 1915A(a). Upon this screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

A complaint permitted to proceed *in forma pauperis* which merely "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915[e]" as "malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citations omitted); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). "A litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

In determining whether a dismissal is warranted, there is no specific test to follow. Rather, courts are "vested with especially broad discretion." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious. *See Bailey*, 846 F.2d at 1021.

The complaint filed in this case is virtually indistinguishable from a complaint previously filed by Plaintiff with this court. The court has considered each aspect of Plaintiff's litigation and determines that his complaint is repetitive. It merely repeats the

same claims as those presented to this court in *Wimberly v. Auburn Police, et al.*, Civil Action 3:10-CV-99-TMH (M.D. Ala. 2010).[1]  In light of the foregoing, it is clear that the complaint filed by Plaintiff in the present cause of action is malicious and it is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See generally Curtis v. Citibank, N.A*, 226 F.3d 133, 138 (2nd Cir. 2000) ("as part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit").

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 10, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore,

---

[1] Courts have held that, for the purpose of determining repetitive suits, different parties can be substantially similar. In *Bailey*, 846 F.2d 1019, 1021, the court held that, despite the fact that different defendants were named, the "complaint repeat[ed] the same factual allegations" asserted in the earlier case and was, therefore, correctly dismissed. *See also Rowley v. St. Tammany Parish Sheriff's Office*, 2006 WL 3337510, *3 (E.D. La., Nov. 15, 2006) (holding a complaint repetitive and therefore abusive under 28 U.S.C. § 1915(e)(2)(B), despite the fact that plaintiff sued different defendants in the later-filed action).

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 20th day of July 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE